# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DAVID SCOTT OLIVER,                      )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )          No. 4:09CV1427 DDN
                                         )
UNKNOWN LYOND, et al.,                   )
                                         )
              Defendants.                )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of David Oliver (registration no. ), an inmate at Fulton Reception & Diagnostic Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.89. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $0.00, and an average monthly balance of $59.44. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.89, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Unknown Lyond (Physician, St. Charles County Department of Corrections), Jennifer Rico (Nurse, St. Charles County Department of Corrections), and Alan Stahl (Colonel, St. Charles County Department of Corrections). Plaintiff seeks monetary and injunctive relief.

Plaintiff claims that on March 17, 2009, he fractured his left little finger playing dodge ball during recreation time at St. Charles County Detention Center. Plaintiff says he saw a nurse shortly after the incident. Plaintiff maintains that the nurse examined his finger and called defendant Lyond. Plaintiff claims that Lyond told the nurse to "buddy tape" his little finger to his ring finger, which she did. Plaintiff believes he should have been immediately sent to the emergency room.

Plaintiff saw Lyond the following morning. Plaintiff alleges that Lyond told him that he did not need to be X-rayed. Plaintiff says that Lyond gave him Ibuprofen, left the buddy tape on, and told him he would be "good as new" within a few days.

Plaintiff alleges that his finger continued to be extremely painful. Plaintiff put in a medical request and was taken to see Lyond on April 6, 2009. Plaintiff states that Lyond told him that something was not right and that Lyond ordered X-rays at that

time.  Plaintiff claims that his finger was X-rayed on April 9, 2009.  Within a few days, plaintiff was notified that he was going to see an outside orthopedic surgeon.

On May 5, 2009, plaintiff saw an orthopedic surgeon.  The surgeon told plaintiff that his finger was "broken and healing."  Plaintiff says that the surgeon gave him a spring-loaded finger splint to help straighten out the finger.

Plaintiff says that he followed up with the orthopedic surgeon in June 2009.  The surgeon told him at that time that he would need to have surgery to repair the finger.

Plaintiff alleges that he had surgery on his finger on July 2, 2009.  Plaintiff says that the surgeon prescribed Vicodin after the surgery but that officials at St. Charles Detention Center gave him only Extra Strength Tylenol.

Plaintiff says he is currently receiving physical therapy for his finger.

## Discussion

To state a claim for unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995).  Allegations of mere negligence in giving or failing to supply medical treatment will not suffice.  Estelle, 429 U.S. at 106.  To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs.  Dulany v. Carnahan, 132 F.3d 1234,

1239 (8th Cir. 1997). In the complaint, plaintiff alleges that defendants treated his finger in a prompt manner. The allegations in the complaint go only to plaintiff's disagreement with the manner in which care was given or, at best, go to negligence. Such allegations fail to demonstrate deliberate indifference to plaintiff's medical needs. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.89 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this __25th__ day of September, 2009.


/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE